(78 South. 730)

No. 21349.

LINCKS v. ILLINOIS CENT. R. CO.

(April 29, 1918. Rehearing Denied May 27, 1918.)

*(Syllabus by Editorial Staff.)*

1. RAILROADS ⚬―330(2) — CROSSING—WARNING BY FLAGMAN—RELIANCE.

Where a railroad continuously kept a flagman at a crossing where the view of passing trains was obstructed, one who was familiar with such conditions might rely on the flagman's warning.

2. RAILROADS ⚬―348(3)—CROSSING — WARNING BY FLAGMAN—EVIDENCE.

In an action for personal injury when defendant's railroad motorcar struck the buggy in which plaintiff was riding and injured him, evidence *held* not to show that defendant's flagman had given warning in time to prevent the accident.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by F. W. Lincks against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hunter C. Leake, Lemle & Lemle, and Arthur A. Moreno, all of New Orleans (Blewett Lee and R. V. Fletcher, both of Chicago, Ill., of counsel), for appellant. John P. Sullivan, of New Orleans, for appellee.

LECHE, J. Plaintiff prays for judgment in the sum of $5,000, damages which he claims to have suffered as the result of an injury inflicted upon him by the negligence of the defendant. The accident happened on the 6th of June, 1913, at the intersection of Magnolia and Euphrosine streets in the city of New Orleans. Plaintiff and Capt. Whitaker, of the fire department of the city, were driving to their work along Magnolia street, and as they crossed the railroad tracks of the defendant company, which are laid along Euphrosine street, a motorcar of said company, under the control of its employés, ran into and collided with the buggy in which they were riding, partly wrecked the said buggy, causing plaintiff to be precipitated to the ground and fracturing his arm.

[1, 2] The streets upon which the collision took place are narrow, the buildings are so close to each other and to the street, and obstruct the view to such an extent, that it is impossible for a person riding in a vehicle on Magnolia street, to see a train approaching on Euphrosine street until the vehicle or the train reaches the corner. To guard against the danger of this situation, both thoroughfares being much used, the one for city traffic and the other for moving trains, the railroad company continuously keeps a flagman on duty at the corner, whether or not under compulsion by the city the record fails to disclose. The plaintiff, who was familiar with these conditions, had the right to rely upon the flagman's warning, and the decision of this case hinges upon the disputed fact whether such warning was or was not given in time to prevent the accident. If the testimony offered pro and con be measured by the volume, honors are almost easy between the parties; but as we analyze that testimony, we believe the preponderance is

against the pretensions of defendant and in favor of plaintiff. The flagman and the proprietor of a clothes-pressing establishment who lives near the scene, testify that the flagman shouted a danger warning to the plaintiff and his companion, but we believe from all the testimony that these shouts were uttered too late. It would require clear proof to convince us that two men possessed of ordinary common sense and reason, and who are familiar with such a dangerous situation, would ignore a timely warning and thus recklessly drive across railroad tracks on which trains are run at frequent intervals.

We concur in the finding of the trial judge. The district court awarded plaintiff $1,000, and the amount is not contested in this court.

The judgment appealed from is affirmed.